SAM  H.  HARTZELL, *Appellant,* v. SARAH Z. BRASH  AND
HENRY BRASH, HER HUSBAND, *Appellees.*

1.  A general demurrer to a bill of complaint, as for want of
    equity, will be overruled if there is any ground of equitable
    relief stated in the bill, even if there are any number of
    grounds of special demurrer.

2.  The practice of moving to dismiss bills of complaint for want
    of equity does not obtain in this State.

This case was decided by Division B.

Appealed from the Circuit Court for Hillsborough
County.

The facts in the case are stated in the opinion of the
court.

*F. M. Simonton* and *H. S. Hampton,* for Appellant;

*M. Henry Cohen* and *Macfarlane & Chancey,* for Ap-
pellees.

PARKHILL, J.—The appellant filed a bill of complaint,
as amended, in the circuit court in and for Hillsborough

county against the appellees praying that accounting may be had between the complainant and defendants as to the amounts advanced by each of them, and that the assets of the business may be used to pay the indebtedness of the same, and the moneys advanced by complainant on account of the same; and that a receiver may be appointed to take charge of the assets of the business, collect the outstanding accounts, convert the assets into cash and hold the same pending the further order of the court, and that the defendants be restrained from receiving the mail or endorsing or converting into money any checks, drafts, &c., until further order of the court. The chancellor granted a temporary order restraining the defendants or either of them from collecting its debts, or endorsing its checks or disposing of its assets, and sustained a demurrer to the bill. Upon motion of defendants the bill of complaint was dismissed and the temporary restraining order was dissolved, and from this order and decree the complainant appealed.

The assignments allege error in the sustaining of the demurrer to the bill of complaint, granting the motion to dissolve the injunction and the holding there was no equity in the bill.

A general demurrer to the bill, as for want of equity, will be overruled if there is any ground of equitable relief stated in the bill, even if there are any number of grounds of special demurrer. Thompson v. Maxwell, 16 Fla., 773; Herrin v. Brown, 44 Fla., 782, 33 South. Rep., 522.

The practice of moving to dismiss bills for want of equity does not obtain in this State. Hull v. Burr *et al.*, decided at this term.

We think the bill contained equity. The relation of the complainant to the defendants was not that of a creditor as is contended, but of partnership. The contract

between the parties provided: "The purpose of this agreement is for a mutual profit of the enterprise, that a strict account shall be kept by the party of the second part of the entire full amount required in manufacturing the goods, and after the goods are sold and collection of said sales are made the profit be divided in equal amounts between both the party of the first part and party of the second part."

The decree and order appealed from are reversed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.