JERRY J. WARREN, *Appellant*, v. ALICE M. WARREN, *Appellee.*

## Opinion Filed November 25, 1913.

1. A correct ruling of the trial court will not be disturbed because of erroneous or wrong reasons which may have been given therefor, as it is with the ruling itself, and not with the reasons given therefor, with which an appellate court is concerned.

2. In passing upon a demurrer which is addressed to the entire bill, only such grounds of the demurrer as are applicable to the whole bill are properly before the court for consideration.

3. A demurrer which is addressed to the entire bill must be treated as a general demurrer, and should be overruled if there is any equity in the allegations of the bill, even though there are grounds of the demurrer which might prevail if the same were incorporated in a special demurrer, which was directed to the vulnerable parts of the bill.

4. The common law is in force in this State, except where it is modified by competent governmental authority. No statute of this State expressly or by fair implication renders invalid or void marriage contracts between competent parties that are consummated under the rules of the common law.

5. Matters *dehors* the bill cannot be raised by way of demurrer but must be raised by way of plea or answer.

6. In passing upon a demurrer to the whole bill in a suit in equity, while every presumption is against the bill, such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief.

7. Where a bill in chancery is filed for alimony and a *prima*

*facie* showing is made therein of the marital relations between the complainant and the defendant, it is proper to refer the cause to a master to take testimony as to the necessities of the complainant and the faculties of the defendant.

Appealed from Circuit Court, Monroe County; L. W. Bethel, Judge.

Order affirmed.

*Jefferson B. Browne,* and *W. H. Malone, Jr.,* for Appellant;

*Hudson & Boggs,* for Appellee.

SHACKLEFORD, C. J.—Alice M. Warren filed her bill in chancery against her husband, Jerry J. Warren, wherein she sought alimony and other relief, but not a divorce. The defendant interposed a demurrer to the bill, which was overruled. At the time of interposing the demurrer, the defendant also filed his answer to the bill. On motion of the complainant, an order was made, referring the cause to a special master to take testimony as to the necessities of the complainant and the faculties of the defendant for the purpose of determining what amount of alimony and counsel fees *pendente lite,* if any, should be awarded to the complainant. The overruling of the demurrer and such reference to a master were incorporated in the same order, and from the interlocutory order the defendant has entered his appeal. He has attempted to raise a number of interesting questions, which he has elaborately argued before us, but it seems to us that most of the points are prematurely presented and that we are precluded from considering them on this

appeal. The only points upon which we can pass are as to whether or not the court erred in overruling the demurrer to the bill or in referring the cause to a master. The Circuit Judge, at the time of rendering the order, of which complaint is made, also filed a written opinion in which he set forth his views and gave his reasons for his rulings. As to this, as we have several times held, we do not have to pass upon the reasoning at all, as it is with the ruling itself, and not with the reasons therefor that we have to deal. If the ruling is correct, it will not be disturbed because the court may have given a wrong or insufficient reason for its rendition. Dunnellon Phosphate Co. v. Crystal River Lumber Co., 63 Fla. 131, 58 South. Rep. 786, where prior decisions of this court will be found cited.

We see no necessity for copying the bill and exhibits, as our reference thereto will be sufficient to render this opinion intelligible. The demurrer is addressed to the entire bill and, omitting the formal parts is as follows:

"This defendant by protestation, not confessing or acknowledging all or any of the matters and things in the complainant's bill of complaint contained to be true, in such manner and form as in the same are therein set forth and alleged, doth demur to said bill and for the cause of demurrer, shows:

1. That the bill of complaint does not show that there is any marriage existing between the complainant, Alice M. Warren, and the defendant, Jerry J. Warren.

2. That the bill on its face shows that there is no marriage existing between the complainant, Alice M. Warren and Jerry J. Warren, the defendant.

3. That the bill of complaint attacks and seeks to set aside the valid decree of a court of competent jurisdiction in the Republic of Cuba, annulling the marriage of

the complainant, Alice M. Warren, to the defendant, Jerry J. Warren.

4. That the bill of complaint does not show an actual, bona fide residence of the complainant, Alice M. Warren, in the State of Florida for a period of two years before the filing of the bill.

5. That the bill does not allege that the defendant is without sufficient means to maintain herself during the pendency of this litigation, and to employ counsel.

6. That this court is without jurisdiction of the parties.

7. That the bill is without equity."

It is the settled law of this court that, in passing upon a demurrer which is addressed to the entire bill, only such grounds of the demurrer as are applicable to the whole bill are properly before the court for consideration. A demurrer which is addressed to the entire bill must be treated as a general demurrer, and should be overruled if there is any equity in the allegations of the bill, even though there are grounds of the demurrer which might prevail if the same were incorporated in a special demurrer, which was addressed to the vulnerable parts of the bill. Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579, and the other decisions there cited, and Bratton v. Bratton, 62 Fla. 442, 56 South. Rep. 411. We might well say, as we did say in the first cited case, "It is obvious that the bill is not wanting in equity; therefore this assignment has not been sustained," but, as we have not copied the bill and the case presents some peculiar features, we shall go somewhat into details, though our treatment shall be brief. Very concisely stated, the bill alleges that the complainant was a legal resident of the State of Florida and had been such for more than two years prior to the filing of the bill; that

she and the defendant were legally married at Key West, Florida, on the 2nd day of January, 1886, and continued to live together as husband and wife at such city until the 27th day of May, 1894; that on the 12th day of December, 1894, the defendant filed a bill for divorce against the complainant on the ground of her violent and ungovernable temper, obtained a decree *pro confesso* and in the month of July, 1896, obtained a final decree, dissolving the bonds of matrimony; that in the year 1901 the defendant stated to complainant that such decree was null and void by reason of some legal defect which she did not understand and thereby persuaded her to resume marital relations with him, which continued to exist up to the month of January, 1912, the defendant at all times recognizing, treating, acknowledging and introducing complainant as his legal wife; that in February, 1901, the defendant while temporarily residing in Havana, Cuba, sent for complainant to join him there; that on the 18th day of February, 1901, the complainant and defendant were married again in the City of Havana; that on the 28th of February, 1912, the defendant instituted certain proceedings in a certain court in Havana, by which he sought to have annulled the marriage performed between complainant and defendant in the City of Havana, on the ground that they were already man and wife; that this suit was contested by complainant, and the petition of defendant, answer thereto by the complainant and the judgment or decree rendered by such court, all translated into English, are attached by the complainant as exhibits to her bill, from which judgment it appears that the same was rendered on the ground that, at the time such marriage ceremony was performed between complainant and defendant in the city of Havana, the same was null and void by reason of the

fact that they were "already man and wife, and so incapable of entering upon a new trial contract;" that during all the time that complainant and defendant resided in Cuba defendant continuously maintained his legal residence at Key West; that from and after the month of February, 1912, "the said defendant, through his own fault, has completely deserted your oratrix and left her without means of support adequate to her necessities;" that defendant is possessed of great property interests and has a large income. The bill further proceeds to charge that the defendant had committed adultery with a certain named person and was then openly living with her and introducing her as his wife, but there is no occasion for us to say more about that allegation now. We think that it is now obvious that the bill is not wanting in equity and that, under the principles which we have cited, the demurrer was properly overruled. We need, at the present stage of the proceedings, inquire no further into the judgment or decree rendered by the court in Havana or attempt to pass upon its validity. It is sufficient that such judgment itself recognized and stated that the marital status existed between complainant and defendant at the time the marriage ceremony was performed between them in Havana, and for that reason such ceremony was null and of no effect. Without regard to the performance of such marriage ceremony in Havana, whether the same was legal or illegal, and whatever effect may be given to the judgment of the court in Havana, the allegations of the bill, to which we are restricted in passing upon the demurrer, show that the relations existing between complainant and defendant were of such a nature as to constitute them husband and wife at the common law, which is in force in this State, unless modified by competent govern-

mental authority. Caras v. Hendrix 62 Fla. 446, 57 South. Rep. 345. It is elementary that matters *dehors* the bill cannot be raised by way of demurrer but must be raised by way of plea or answer; and it is further true that, in passing upon a demurrer to the whole bill in a suit in equity, while every presumption is against the bill, such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief. Lindsley v. McIver, 51 Fla. 463, 40 South. Rep. 619.

Did the court err in referring the cause to a master to take testimony as to the necessities of the complainant and the faculties of the defendant? We do not think so. While the defendant in his answer denied most, if not all, of the material allegations of the bill, we are of the opinion that the bill makes at least a *prima facie* showing of the marital relation between complainant and defendant, so as to warrant such order of reference. See Arendall v. Arendall, 61 Fla. 496, 54 South. Rep. 957. What facts may be established by the evidence taken before the master we have no means of knowing. If it should be developed that the complainant's necessities are not of such a nature as to require either alimony or counsel fees *pendente lite,* the presumption is that none would be awarded, but that the entire matter would go over until the final hearing.

The interlocutory order appealed from must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.