All concur, except COCKRELL, J., absent by reason of sickness.

---

CO-OPERATIVE SANITARY BAKING COMPANY, A CORPORATION, *Plaintiff in Error,* v. GEORGE SHIELDS, *Defendant in Error.*

Opinion filed February 5, 1916.

1. A declaration should contain sufficient allegations of all the facts that are necessary to state a cause of action. As a general rule, only ultimate facts need be alleged.

2. Where the facts are, or reasonably should be, within the knowledge of the plaintiff, the declaration should contain sufficient statements of facts to apprise the defendant of the

particular acts or circumstances upon which the action is based, in order that there may be no embarrassment in preparing a defense.

3. In actions for negligent injuries it may be necessary to allege only the relation between the parties out of which the duty to avoid negligence arises, and the act or omission that proximately caused the injury, coupled with a statement that such act or omission was negligently done or omitted.

4. Where a declaration is filed in an action at law containing unnecessary counts, the trial court is warranted in requiring a compulsory amendment thereof of its own motion, under the provisions of Section 1433 of the General Statutes of Florida.

5. Under the statutes of this State a demurrer may be interposed to a pleading only for matters of substance in stating a cause of action or matters of defense. Where a pleading alleges a cause of action for any relief or states any substantial matter of defense, it is not subject to demurrer even though it contains irrelevant, immaterial or improper matters. Such matters contained in a pleading may be reached upon proper application by motion to strike or for compulsory amendment under the statute.

6. A verdict should be set aside when it clearly appears to be contrary to law.

7. Where contributory negligence prevents recovery, and it clearly appears from the evidence that the negligence of the plaintiff so contributed proximately to the injury complained of that it would not have occurred but for the plaintiff's negligence, a verdict awarding damages should be set aside.

8. At common law a plaintiff could not recover for injuries to himself caused by the negligence of another if he in any appreciable way contributed to the proximate cause of the injury, upon the theory that there is no apportionment of the results of mutual negligence.

9.  It is the duty of the master to use due diligence in providing a reasonably safe place for the servant to work in, and also to inform the servant of any dangers in the employment that are not of such a character that the servant should know of them, and to warn young and inexperienced employees of dangers in their employment as to which they have no knowledge or appreciation.

10. If a servant fails to exercise ordinary care for his safety, he cannot in general recover damages for an injury.

11. Where dangers are obvious and the servant is capable of appreciating them a warning as to such dangers by the master is unnecessary.

12. The common law is in force in this State, except where it has been modified by competent governmental authority. In actions for the recovery of damages for injuries to a person or his property, alleged to have been occasioned by the negligence of the defendant, the common law principle which prevents a recovery if the plaintiff's own negligence contributes proximately to his injuries has not been modified or changed, except in the case of railroad companies.

Writ of Error to Circuit Court, Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*Lunsford & DeVane,* for Plaintiff in Error;

*Mabry & Carlton,* for Defendant in Error.

SHACKLEFORD, J.—George Shields brought an action at law against the Co-operative Sanitary Baking Company, a corporation, whereby he sought to recover

damages for personal injuries alleged to have been caused by the negligence of the defendant. The declaration was amended and as it finally stood contained seven counts. The defendant, after having unsuccessfully interposed demurrers to the declaration as amended, filed three pleas, not guilty, contributory negligence, and that it was "no part of the duty of the plaintiff in his employment by the defendant to operate, clean or otherwise manipulate, handle or come in contact with the said 'dough divider' or 'scaling machine;' nor was the plaintiff required or instructed by the defendant to operate, clean or in any manner manipulate or come in contact with said dough divider or scaling machine."

The plaintiff joined issue upon all these pleas and a trial was had before a jury, which resulted in a verdict and judgment in favor of the plaintiff for the sum of $2,-250.00, which judgment is brought here for review. Twenty-four errors are assigned, the first two being based upon the overruling of the demurrer to the amended declaration, which consisted of five counts, and the overruling of the demurrer to the sixth and seventh additional counts of the declaration. We have frequently had occasion to discuss the essential allegations of a declaration in an action for damages for personal injuries caused by the negligence of the defendant. See Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618, wherein we held as follows:

"A declaration should contain sufficient allegations of all the facts that are necessary to state a cause of action. As a general rule, only ultimate facts need be alleged.

Where the facts are, or reasonably should be, within the knowledge of the plaintiff, the declaration should con-

8

tain sufficient statements of facts to apprise the defendant of the particular acts or circumstances upon which the action is based, in order that there may be no embarrassment in preparing a defense.

In actions for negligent injuries it may be necessary to allege only the relation between the parties out of which the duty to avoid negligence arises, and the act or omission that proximately caused the injury, coupled with a statement that such act or omission was negligently done or omitted."

Also see Consumers' Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 32 South Rep. 797, and authorities therein cited; Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246; Jacksonville Electric Co. v. Schmetzer, 53 Fla. 370, 43 South. Rep. 85; Wood Lumber Co. v. Gipson, 63 Fla. 316, text 320, 58 South. Rep. 364; Coombs v. Rice, 64 Fla. 202, 59 South. Rep. 958; Florida East Coast Ry. Co. v. Knowles, 68 Fla. 400, 67 South. Rep. 122. We would also refer especially to our discussion of the object of judicial proceeding, the functions performed by pleadings and what should characterize them, in Seaboard Air Line Ry. v. Rentz, 60 Fla. 429, 54 South. Rep. 13. As will be seen from an examination of these cited cases, the allegations of unnecessary matters may prove dangerous. The declaration in the instant case is unduly prolix and contains unessential and unnecessary allegations. It may well have been open to attack by a motion for compulsory amendment, in accordance with the provisions of Section 1433 of the General Statutes, as we can see no necessity for seven separate counts and we are of the opinion that they would tend to confuse the jury, if not also the trial judge, as to the issues to be tried and determined. We do not

copy the declaration which as it stood at ·the trial covered nearly eight typewritten pages, or the grounds of the two demurrers interposed thereto which covered nearly three typewritten pages. It is sufficient to say that the declaration, however subject to criticism, does state a cause of action, and we are of the opinion that the trial court committed no error in overruling the two demurrers.

In view of the conclusion which we have reached, it becomes unnecessary for a proper disposition of the case to treat the numerous assignments of error. As we have frequently stated, the common law is in force in this State, except where it has been modified by competent governmental authority. See the express provisions of Section 59 of the General Statutes, to which we have referred in a number of cases, from which we mention Hart v. Bostwick, 14 Fla. 162, text 173; Atlanta & St. A. B. Ry. Co. v. Thomas, 60 Fla. 412, text 422, 53 South. Rep. 510; Prairie Pebble Phosphate Co. v. Taylor, 64 Fla. 403, text 404, 60 South. Rep. 114; Warren v. Warren, 66 Fla. 138, 63 South. Rep. 726. As we held in German-American Lumber Co. v. Hannah, 60 Fla. 70, 53 South. Rep. 516, 30 L. R. A. (N. S.) 882, following numerous prior decisions of this court:

"A verdict should be set aside when it clearly appears to be contrary to law.

Where contributory negligence prevents recovery, and it clearly appears from the evidence that the negligence of the plaintiff so contributed proximately to the injury complained of that it would not have occurred but for the plaintiff's negligence, a verdict awarding damages should be set aside.

Where contributory negligence is a complete defense,

a minor may be guilty of such contributory negligence as will bar a recovery by him where his age, intelligence and experience, and the surrounding circumstances render him capable of appreciating and avoiding obvious dangers.

At common law a plaintiff could not recover for injuries to himself caused by the negligence of another if he in any appreciable way contributed to the proximate cause of the injury, upon the theory that there is no apportionment of the results of mutual negligence.

It is the duty of the master to use due diligence in providing a reasonably safe place for the servant to work in, and also to inform the servant of any dangers in the employment that are not of such a character that the servant should know of them, and to warn young and inexperienced employees of dangers in their employment as to which they have no knowledge or appreciation.

If a servant fails to exercise ordinary care for his safety, he cannot in general recover damages for an injury.

Where dangers are obvious and the servant is capable of appreciating them a warning as to such dangers by the master is unnecessary.

Where an employee nineteen years of age, of at least ordinary intelligence and experience and accustomed to working in a sawmill needlessly subjects himself to an obvious danger, he cannot recover for injuries to himself that apparently would not have occurred but for his own lack of ordinary care for his safety."

The only modification of this common law principle which the Legislature of this State has seen fit to make is in regard to injuries occasioned by railroad companies. See Sections 3148, 3149 and 3150 of the General

Statutes. If this common law principle is to be still further modified, it must be done by the Legislature, as it is beyond the power and province of the courts. We would also refer to Coronet Phosphate Co. v. Jackson, 65 Fla. 170, 61 South. Rep. 318, and Wauchula Manufacturing & Timber Co. v. Jackson, 70 Fla. 596, 70 South. Rep. 599, decided here at the last term, wherein we followed the principles enunciated in German-American Lumber Co. v. Hannah, *supra*. If the evidence adduced in the instant case establishes the fact that the plaintiff's own negligence contributed to the proximate cause of the injuries which he received, then he cannot recover, even though it is also established by the evidence that the defendant was likewise guilty of negligence, whether by acts of commission or omission, which contributed to or formed a part of the proximate cause of the injury. In order to determine this point a careful examination of the evidence is requisite.

We find from the plaintiff's own testimony that the injuries inflicted upon his person which form the basis for this action occurred on the 24th or 25th day of March, 1914, and that at the time of the trial, which took place on the 24th day of November, 1914, the plaintiff was twenty-two years of age, that he was by trade a baker and that he had been employed by the defendant corporation in the capacity of "a helper" in its baking establishment for a period of about four weeks prior to the time of the injuries, his duties being to clean the pans, to clean a machine which he called "a rounder" and to do such other things as he was directed by the foreman to do. The witness further testified that on the night the injury occurred two machines were at work in the bakery, "a dough-divider" and a "round-up ma-

chine or roller," that the foreman was operating the machine first named and the plaintiff was operating the "rounder" that it was the usual custom in the bakery to clean the dough-divider first and then to clean the rounder; that the only practical way to clean the rounder was while the machinery was going and that was the way in which the plaintiff cleaned it, and that it was usually his duty to clean that machine, called the "rounder," the "roller," the "dough-roller." The witness further testified that when he sought employment from the manager of the defendant corporation he represented himself to such manager as "an experienced baker" and stated to him that he was experienced in handling or working with baking machinery. Also during his examination the witness testified that he had worked at the trade of baker at several places, mentioning Chicago, Illinois, and Louisville, Kentucky, and had applied to the foreman for a higher position in order to make more money, stating to the foreman that he "could operate that dough-divider," and that he had operated a dough-divider in Louisville, Kentucky, for two months before coming to Tampa, Florida, where the plant of the defendant corporation was located. The witness further stated that as a matter of fact he had operated such a machine for seven or eight months; that the foreman had never given the witness such promotion or position, had never let him operate the dough-divider and had never directed him to go to such machine and operate it, and had never told him to clean that machine, but that the foreman had previously stated to the witness that "if Mr. Nobel quit he was going to put me (the witness) on that machine." The testimony of the witness further shows that Mr. Nobel, who had been employed by the

defendant corporation in its plant as "second-hand baker," had quit work and, left the service of the defendant about six o'clock that evening, so that the foreman and the plaintiff had to do the work of three men. The plaintiff further went on to testify that about half-past twelve o'clock "the foreman was in a kind of a hurry to get the bread out of the oven, and so he said to me 'George, clean the machine,'" and plaintiff thinking that the foreman meant the dough-divider, went over to such machine, which was then standing still, and started to clean it by taking out the dough which had been left in it, when the machine started up with the result that the plaintiff's hand was badly mangled, and had to be amputated. It further appears from the plaintiff's testimony that just prior to the foreman instructing the plaintiff to "clean the machine," the foreman had been working at the dough-divider, which, according to the custom in the bakery, was cleaned prior to the cleaning of the rounder, and that the plaintiff had not then cleaned the rounder, which it was his customary duty to do. The witness also testified that the dough-divider was a very powerful machine, and proceeded to describe it, also stating that it was a very dangerous machine.

We are clearly of the opinion that from the testimony of the plaintiff himself he was not warranted in assuming that when the foreman told him to "clean the machine," the foreman meant the dough-divider, therefore the injuries which the plaintiff received while attempting to clean the dough-divider were a result of the plaintiff doing something which it was not his duty to do and which he had not been ordered to do. In other words, in attempting to clean such machine, the plaintiff was acting as a mere volunteer. Undoubtedly, it was most

nufortunate that the plaintiff misunderstood the order given to him by the foreman, as we believe that he honestly did so misunderstand, but that fact cannot make the defendant corporation responsible for the injuries inflicted or liable in damages.   We are impelled to this conclusion by the testimony of the plaintiff himself and, we think, that the testimony of the foreman on behalf of the defendant removes any lingering doubt which might exist upon the point.   Further discussion seems unnecessary.   Under the decisions of this court which we have cited, the judgment must be reversed  and a  new trial awarded.

Judgment reversed.

TAYLOR, C. J., and WHITFIELD and ELLIS, JJ., concur.

COCKRELL, J., absent by reason of sickness.