W. P. DOWNING, *Appellant*, v. STEPHEN J. CARLTON *et al.*, *Appellees.*

Opinion Filed November 19, 1918.

Petition for Rehearing Denied December 20, 1918.

1. The right of possession attaches to the legal title, and where a perfect title is set out in the bill it is not necessary to allege the right of immediate possession.

2. Where a bill alleges that a tax deed is of record and although null and void, it casts a cloud upon the title of the complainant, it is sufficient to show that respondent has a title on record that is a cloud on the complainant's title and it is not necessary to allege that the title is "fair upon its face."

3. It is the settled law of this Court that, in passing upon a demurrer which is addressed to the entire bill, only such grounds of the demurrer as are applicable to the whole bill are properly before the Court for consideration. A demurrer which is addressed to the entire bill must be treated as a general demurrer, and should be overruled if there is any equity in the allegations of the bill, even though there are grounds of the demurrer which might prevail if the same were incorporated in a special demurrer, which was addressed to the vulnerable parts of the bill.

4. The matter of re-referring a cause to a master to take further testimony when the chancellor thinks it is necessary for its proper determination, is largely one of discretion, and unless it appears that the chancellor abused his discretion, no error can be predicated thereon.

Appeal from Circuit Court for DeSoto County; F. A. Whitney, Judge.

Decree affirmed.

*C. C. Morgan,* for Appellant;

*J. H. Hancock,* for Appellees.

BROWNE, C. J.—William P. Downing brought suit against Stephen J. Carlton and others to quiet title to forty acres of land which he claimed to be the actual possessor of and to hold title to under a tax deed. Decree *pro confesso* was entered against all the defendants except Stephen J. Carlton, who filed an answer denying that the complainant had any claim or title to the land, because his tax deed was null and void for various reasons, one of which was that the clerk of the Circuit Court failed and neglected to give thirty days' notice as required by law of the application by Downing for a tax deed.

Carlton also filed a cross-bill alleging that the fee simple title was in himself through a warranty deed from James M. Williams, who derived title from the Florida Improvement Company, who acquired it by deed from the Board of Trustees of the Internal Improvement Fund. The cross-bill alleges that the original complainant was seeking to claim title to the land by reason of a pretended tax title which cross-complainant says is null and void

for the same reasons as set out in the answer. The cross-bill also alleges that the original complainant did not go into actual possession of the land within one year after a tax deed was issued, and has not occupied the land and held actual possession for four years; that the lands are wild and have never been in actual possession of respondent, and that the cross-complainant has always exercised his right of ownership in said land, and has always held and claimed possession under a fee simple title; that the tax deed of Downing, which is on record, is a cloud upon the title of the cross-complainant, and he prays to have his title quieted in said property.

Exceptions filed to the answer and demurrers to the cross-bill were overruled, and the cause referred to a master to take testimony, and upon the coming in of his report an interlocutory order was made re-referring the cause to the master to take evidence and report the value of the improvements made by the complainant or about ten acres and the amount of taxes paid by him with interest.

Upon the coming in of the Master's report on the testimony taken with regard to the improvements, the chancellor entered his final decree to the effect that the testimony showed title to ten acres in a third party not a party to this suit by adverse possession under a conveyance by Downing made before the institution of the suit, and the court is without jurisdiction to make any decree affecting the title to that part of the land; that another portion containing six acres is held adversely by and is in possession of the cross-respondent, and that the title to the remaining portion of the forty acres is vested in Stephen J. Carlton, the cross-complainant, and the tax deed executed by the clerk of the Circuit Court of DeSoto County, Florida, on the 24th day of July, 1903, to W. P.

Downing, and recorded in tax deed book 4, on page 63, in the clerk's office of said county is null and void, and said tax deed is declared to be cancelled of record and held for naught as to the last described portion of the land, and the same is hereby removed as a cloud to the title of said land, and that the title to said land be quieted and declared in Stephen J. Carlton.

To the orders of the court overruling the exceptions to the answer and demurrers to the bill, and the final decree, the appellant filed these assignments of error:

"First. The court erred in overruling Defendant's Demurrer to Complainant's Cross-Bill, as shown by order dated January 6, 1915.

"Second. The court erred in overruling Defendant's Demurrer to Cross-Bill, as shown by order dated March 3, 1915.

"Third. The court erred in overruling exceptions of complainant, Downing, to amend answer of respondent, Carlton, as shown by order dated August 27, 1915.

"Fourth. The court erred in entering the interlocutory decree, referring said cause back to the Master to take and report further testimony, as shown by decree dated May 25, 1916.

"Fifth. The court erred in rendering a final decree in partition in said cause, said cause being a bill to quiet title.

"Sixth. The court erred in refusing to enter a decree quieting title in complainant, Downing, as prayed for in his bill of complaint.

"Seventh. The court erred in denying complainant's petition for rehearing, as shown by order dated March 8, 1917."

The first and second grounds of the demurrer attack the sufficiency of the allegations of the cross-bill as to

the possession and right of immediate possession of the cross-complainant. The bill alleges that the cross-complainant is the owner in fee simple of the entire forty acres and that he holds the same by virtue of a warranty deed in a direct chain of title from the Trustees of the Internal Improvement Fund of the State of Florida. The right of possession attaches to the legal title and where a perfect title is set out in the bill it is not necessary to allege the right of immediate possession.

The third ground of the demurrer is that the cross-complainant fails to allege that the cross-respondent has a title fair upon its face and upon record which casts a cloud upon his title.

The cross-bill alleges that Downing's tax deed is of record, and although null and void, it casts a cloud upon the title of the cross-complainant. These allegations are sufficient to show that the cross-respondent has a title on record that is a cloud on the title of the cross-complainant, and it was not necessary to allege that the title is "fair upon its face."

It is not necessary to discuss the other grounds of the demurrer, as counsel for appellant has not discussed them in his brief, but contented himself with repeating the grounds and stating that they were well taken and that the demurrer should have been sustained. We will say, however, in passing, that they were properly overruled as without merit.

The second assignment of error relates to the overruling of the second demurrer interposed by the cross-respondent. In this demurrer, he says, he "demurs to the cross-bill," and the first ground of the demurrer is that "there is no equity in said cross-bill."

"It is the settled law of this court that, in passing upon a demurrer which is addressed to the entire bill,

only such grounds of the demurrer as are applicable to the whole bill are properly before the court for consideration. A demurrer which is addressed to the entire bill must be treated as a general demurrer, and should be overruled if there is any equity in the allegations of the bill, even though there are grounds of the demurrer, which might prevail if the same were incorporated in a special demurrer, which was addressed to the vulnerable parts of the bill." Warren v. Warren, 66 Fla. 138, 63 South. Rep. 726; Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579, and the other decisions there cited, and Bratton v. Bratton, 62 Fla. 442, 56 South. Rep. 411.

As the bill was not wanting in equity, the demurrer was properly overruled. We will not content ourselves, however, with thus disposing of the second demurrer, but will go further and say that there was no merit in any of the grounds, and it was properly overruled.

The third assignment of error relates to the overruling of the exceptions of the complainant, Downing, to the amended answer of the respondent, Carlton.

The first ground of the exception to the answer is that it is not shown that the defendant, Stephen J. Carlton, upon the date of the filing of said answer held or owned any interest in the land described in the answer. An examination of the answer shows that this ground of exception is not sustained. The answer sets up that Carlton was the fee simple owner of the property, and he traced his title back through a complete chain from the Trustees of the Internal Improvement Fund, and alleges that he had never parted with the title.

The second, third and fourth grounds of exceptions are that they were not responsive to any allegations in the bill and contain irrelevant and immaterial matter. The portions of the answer included in these grounds, allege

that the tax title on which the complainant claimed the land in controversy was void, and set out the several grounds which it was claimed made the tax title null and void; it also alleged that the lands in question were wild and unoccupied at the date when the tax deed was issued, and had been so ever since.

Whether or not these exceptions were well taken depends upon whether the lands were wild and unimproved, and defendant having denied the complainant's possession, the matters excepted to afforded a defense to the allegations of the bill if they could be established by proof, and the exceptions were properly overruled.

The fourth error assigned relates to the interlocutory order referring the cause back to the Master to take and report further testimony.

When the cause was submitted on the pleadings and proof, the court said that it appeared from the testimony that the original complainant had paid certain taxes on the land and had made some improvements, for which he might be entitled to be paid, and referred the cause to the Master to take evidence and report the value of improvements and amount of taxes paid by complainant with the statutory interest on thirty acres of the lands in controversy. It is not claimed that the cross-defendant suffered any injury by this re-reference. On the contrary, it appears that it was made in his interest. The matter of re-referring a cause to a Master to take further testimony when the chancellor thinks it is necessary for its proper determination is largely one of discretion, and unless it appears that the chancellor abused his discretion, no error can be predicated thereon.

The fifth assignment is that the court erred in rendering a final decree in partition in said cause whereas the suit was one to quiet title. The court did not render a

decree of partition. Both the complainant and the cross-complainant claimed to hold a fee simple title to forty acres of land. The complainant based his claim upon a tax title, and adverse possession thereunder, and the cross-complainant claimed through a fee simple title derived from the Trustees of the Internal Improvement Fund. The court held that as to part of the land, the cross-complainant was the fee simple owner; that the tax title of the complainant was void; that he did not prove title by adverse possession for the statutory period, and that the tax deed, which was on record, was a cloud on the title of the cross-complainant. The court further held that as to ten acres of the original forty, the testimony showed title in a third party by adverse possession, but that this third party not being a party to the suit, the court was without jurisdiction to make any decree affecting the title. The court also held that about six acres was held adversely by and was in possession of the complainant, and made no decree with regard thereto, but left the question of the title to this portion of the land to be settled by a suit at law. This was not a decree in partition, but a mere settling of the equities involved in the suit, and was not error.

It is not necessary to discuss the sixth and seventh assignments of error, as the decree was fully warranted by the testimony and no reversible error appearing in the record, the decree is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.