JAMES A. PREST, BING WOLSON AND MARK VAN BUSKIRK, *Appellants*, v. GEORGE W. HAMMOCK ANE L. M. RUBLES, *Appellees*.

### Division B.

### Opinion Filed November 22, 1926.

1. Where in an Equity suit a general demurrer is filed which is addressed to the entire Bill of Complaint and there is equity in the averments of the Bill, the demurrer should be overruled.

An Appeal from the Circuit Court for Pinellas County; Freeman P. Lane, Judge.

Reversed.

*Henry E. Williams,* for Appellants.

*. Van Fleet, Collins & Miller,* for Appellees.

BUFORD, J.—The appellants filed a bill against the appellees alleging that the appellants had entered into an agreement with the appellee, George W. Hammock, by which they and other persons purchased certain lands described in the Bill of Complaint; that the interest of each of the appellants in the said land was a one-sixteenth (1/16) undivided interest; that the title to the land was taken in the name of the appellee Hammock in trust for himself and the other purchasers named. It is alleged that

it was agreed between all parties owning an interest in the land and the said Hammock that the land should not be sold except by and with the consent of all the purchasers. That thereafter Hammock entered into an agreement with Rubles to sell and convey the land to Rubles in violation of his agreement with his *cestuis que trust* and that such agreement was made without the payment by Rubles of any consideration; that Rubles was not a purchaser for value without notice in that Rubles had paid nothing of value for the agreement received from Hammock. The Bill further alleged that the appellants were entitled to a deed of conveyance from Hammock conveying to each of them their undivided one-sixteenth (1/16) interest in the property. The prayer was for an injunction against conveyance from Hammock to Rubles; that the agreement for such conveyance be declared null and void and that Hammock be required to convey to each of the appellants an undivided 1/6 interest in and to the lands. To the bill Hammock filed an answer admitting all the material allegations in the bill and prayed for affirmative relief against Rubles.

Rubles filed a general demurrer to the bill and embraced in the demurrer a motion to strike the answer of Hammock. Upon hearing order was made sustaining the demurrer and from this order appeal was taken.

While the allegations of the Bill of Complaint are not as definite and concise in regard to all matters as they might be it is our opinion that the bill alleges sufficient facts to place it beyond the reach of a general demurrer. The demurrer is addressed to the entire bill and as there is equity in the averments of the bill the demurrer should have been overruled. See Warren v. Warren, 66 Fla. 128; 63 Sou. 726; Craft v. Craft, 74 Fla., 262; 76 Sou. 712; Mountein v. King 75 Fla. 12; 77 Sou. 630; Downing v. Carlton 76 Fla. 490; 80 Sou. 57.

The order sustaining the demurrer should be and the same is now reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.