OAKLAND PROPERTIES CORPORATION, a Corporation, *Appellant*, v. J. J. HOGAN, *Appellee*.

Opinion filed June 23, 1928.

*Huber, Clements & Blackwell,* for Appellant;

*Hall, Johnson & English,* for Appellee.

Long, Circuit Judge:

This is the third appeal before this Court, all growing out of the same subject matter, to-wit, Oakland Properties Corporation v. Middle River Development Company, and J. J. Hogan, designated in the lower court as cause number 4499.

Oakland Properties Corporation and L. C. Miller, Appellants, v. J. J. Hogan, Appellee, identified in the lower court as cause number 4038, and the case of Oakland Properties Corporation, Appellant, v. J. J. Hogan, Appellee, all being companion cases, and, as above stated, growing out of the same subject matter.

In the case of Oakland Properties Corporation v. Middle River Development Company and J. J. Hogan, this Court has affirmed a decision of the lower court in so far as it affects the interests of the appellee, J. J. Hogan, to the sixty-five (65) acres of land described in paragraph II of the Bill of Complaint, title to which was not vested in the appellant at the time of the filing of the Bill to Foreclose the mortgage, and reversed the decree of the chancellor in so far as the ten (10) acres of land is concerned, the title to which was vested in the appellant at the time of the filing of the Bill of Foreclosure, and in which cause the appellant, Oakland Properties Corporation, was not made a party defendant.

In the case of Oakland Properties Corporation and L. C. Miller, Appellants, v. J. J. Hogan, Appellee, which was an appeal from chancery cause designated as 4038 in the lower court, this Court affirmed the decree of the chancellor in

granting the writ of assistance in which cause the sixty-five (65) acres above referred to was alone concerned.

The question to be determined in this cause, in which the appellee seeks to now foreclose his mortgage against the ten (10) acres to which Oakland Properties Corporation held title, and was not made a party defendant at the time of the foreclosure of the mortgage, is whether or not the Court erred in overruling the demurrer of the appellants filed in said cause on the 28th day of December, 1927.

The first question to be determined is the position occupied by the appellee, Hogan. That is to say, was he at the time of the filing of the bill in the position of a mortgagee or as the equitable assignee of the mortgage?

It is true that if for any reason foreclosure proceedings are imperfect, irregular or void, the purchaser at the sale becomes subrogated to all the rights of the mortgagee, and to the mortgage and indebtedness that it secured, and becomes virtually the equitable assignee of such mortgage. But, from the records in this case and its companion cases, it is very apparent that the question of subrogation does not enter into this case. It is not possible for a person to be subrogated to his own rights.

"Legal subrogation is the substitution of one person in the place of another with reference to a lawful claim, or right. It arises by operation of law where one having a liability, right or fiduciary relation pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid." Meyer v. Florida Home Finders, et al., 105 So. R. p. 267; Marianna National Farm Loan Assn. v. Braswell, et al., 116 So. R. 639.

The appellee, Hogan, was the owner of the seventy-five

(75) acres of land described in the bill. He executed a deed to Gotham Realty Corporation, a corporation, who executed to him a purchase money mortgage securing Fifteen Thousand (15,000.) Dollars. The Gotham Realty Corporation sold to Middle River Development Company and executed its deed subject to this mortgage. The Middle River Development Company then executed its deed to Oakland Properties Corporation, which deed conveyed only ten (10) acres of the land described in the mortgage. In the suit to foreclose this mortgage, Oakland Properties Corporation was not made a party defendant. At the sale under such foreclosure proceedings Hogan became the purchaser and the master executed to him a deed for the entire tract of seventy-five (75) acres. Oakland Properties Corporation, not having been made a party defendant, was at the time vested with the titled to the ten (10) acres. That being the case the master could only convey the legal title to the sixty-five (65) acres, and the appellee, Hogan, could become the purchaser only of such legal title or rights as was within the power of the master to convey.

The legal title being at the time vested in the appellant to a portion of these lands, certainly the rights of the appellee, Hogan, was that of a mortgagee, in so far as the lands to which appellant held title, subject to the mortgage, was concerned.

We think the law is well settled that where the owner of the equity of redemption has been omitted from the list of parties defendant in a cause, that the mortgagee may maintain a second action to foreclose his mortgage, thereby cutting off the interest of such owner.

"A purchase by the owner of a mortgage at a sale under a foreclosure proceeding, to which the person owning at the institution of the suit the legal title of

the land mortgaged was not a party, does not prevent or bar a subsequent foreclosure suit to which the person who may own the legal title at the institution of the latter suit is made a party.'' Jordan v. Sayre, et al., 24 Fla., 2.

It is contended secondly, that the appellee offered appellant no equity other than to redeem the ten (10) acre tract by discharging the entire indebtedness. From the record it appears that at the master's sale the appellee purchased the entire tract of seventy-five (75) acres. If the purchase price paid had been in consideration of the sixty-five (65) acres alone a court of chancery in this foreclosure proceeding, in order to do equity, could allow a credit in such sum as was bid for the property deeded, but where the whole tract was sold it is impossible for the court to ascertain the value of the sixty-five (65) acres separate and distinct from the value of the ten (10) acres, all conveyed in the master's deed and give the proper credit therefor.

"The courts, in foreclosure proceedings, have no power to release any part of the property from the lien of the mortgage by fixing thereto a sum less than the entire sum of the mortgage, which, when paid shall release or redeem such part from the lien of the mortgage.'' Key West Wharf & Coal Co., et al., v. Porter, 58, So. R., 599.

Aside from the question so far determined by the court the demurrer filed to this bill is a general demurrer, although certain grounds of the demurrer are directed to certain portions of the bill.

"Where the allegations of the bill of complaint that are admitted by the demurrer do not wholly fail to

state a cause for equitable relief, the demurrer thereto should have been overruled." Dinkins v. Whiteside, 84 Fla., 81, 92 So. R., 688.

"Where, under the allegations of a bill of complaint, an equity for substantial relief may be shown by appropriate and sufficient evidence, it is error to sustain a general demurrer to the bill." Florida East Coast Ry. Co., v. City of Miami, 80 Fla., 329, 86 So. R., 208.

"A demurrer which is addressed to the entire bill must be treated as a general demurrer and should be overruled if there is any equity on the allegations of the bill, even though there are grounds of the demurrer which might prevail if the same were incorporated in a special demurrer, which was directed to the vulnerable parts of the bill." Prince, et al., v. Mahin, et al., 73 Fla. 525.

The decree of the chancellor is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chap. 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.