B. E. GORE and wife, MARY E. GORE, *Appellants*, vs. TONY
TAGARELLI and DAN TAGARELLI and TAGARELLI BROTHERS,
a co-partnership consisting of TONY TAGARELLI and DAN
TAGARELLI, *Appellees*.

144 So. 661.

Opinion filed November 22, 1932.

*Messrs. Oxford & Cutts,* Attorneys for Appellants;
*Mr. Edward Miraglia,* Attorney for Appellees.

DAVIS, Commissioner.—This case is here on appeal from an interlocutory order o'verruling general and special demurrers, and also overruling exceptions to certain portions of an amended bill wherein complainants sought the enforcement of a labor lien upon property owned by husband and wife.

The bill alleges in substance that the defendant B. E. Gore with the full kno'wledge and assent of his wife Mary E. Gore entered into an agreement with complainants whereby complainants were to act as contractors in the construction of a building, and to supervise and superintend the construction of the same, for which they were to receive ten per cent. of the cost of the building; that all material purchased for said building was to be paid for by Gore on the tenth day of every month, and that he was to pay to complainants weekly, a sum sufficient to meet pay rolls; that at the end of five weeks, when the said building was one-third completed, Gore ordered complainants to discontinue their work, and advised them that he no longer wanted their services; that they performed their work in a skilled and expert manner and that the said contract was entire and indivisible; that notice of lien was filed with the Clerk of the Court; that the complainants in addition to superintending the construction of the building would work as brickmasons and plasterers and in other

lines of work, for which Tony Tagarelli should receive Sixty Dollars weekly and Dan Tagarelli Forty Dollars weekly, and that a balance of Nineteen Dollars on such weekly sums was still due and owing the complainants; that by reason of the said order to discontinue work, the complainants were thrown out of work, and although they sought diligently for contracts and work they were able to do, they were unable to find any, and that in consequence thereof they were damaged in the sum of Seven Hundred Dollars.

Complainants prayed for an accounting as to amount due them for services in superintending the construction of the building, and that the amount be decreed to be a lien against the property, and that in default of payment of said sum, the property be sold for the purpose of satisfying the same; that a decree be entered against B. E. Gore for the said sum of Seven Hundred Dollars as damages, and the further sum of Nineteen Dollars for wages due, with interest, and for general relief.

The appellants have assigned as error the overruling of the exceptions, the overruling of the special demurrer and the overruling of the general demurrer.

No reversible error was committed in overruling exceptions in the bill. Even appellants in their brief state that they cannot say that "it does any harm" for the allegations to which exceptions were filed to remain in the bill.

The "special demurrer" is to the entire bill, and was therefore properly overruled as a special demurrer. Dittmar vs. Woods-Hoskins Young Co., 98 Fla. 513, 123 So. 919; Oakland Properties Corp. vs. Hogan, 96 Fla. 52, 117 So. 850; Downing vs. Carlton, 76 Fla. 490, 80 So. 57.

"Any person, persons or corporation performing labor upon or furnishing any materials used or to be used upon property owned by husband and wife as an estate by entireties, in the construction, alteration or repair of buildings or improvements upon said property where

such labor is performed or materials furnished with the knowledge or assent of said husband and wife, or under a contract in writing with them, shall be entitled to subject said property in equity for the value of such labor or materials and may at any time after the performance of the labor or furnishing of the materials, or after the making of a contract in writing therefor, file in the office of the clerk of the circuit court of the county in which the property is located, and have recorded in the record of liens required to be kept by said clerk, a notice of the performance of such labor or of the furnishing of such materials, or of the contract therefor —the form of notice being hereinafter provided—and from the date of the filing of such notice the rights of, all performing labor or furnishing materials, or purchasers or creditors of such owner shall be subject and subordinate to the claim set out in said notice.''

Section 5360, Compiled General Laws of Florida, 1927.

It appears from the bill that the agreement was made with Gore and that work was performed by complainants with the *knowledge* and *assent* of the wife, and that a part of the money for such labor had not been paid to complainants. That being true, the bill contains ground for equitable relief and is not subject to general demurrer. Stokes vs. Victory Land Co., 99 Fla. 795, 128 So. 408; Federal Land Bank vs. Godwin, 107 Fla. 537, 136 So. 513; Hartzell vs. Brash, 61 Fla. 606, 55 So. 401; Craft vs. Craft, 74 Fla. 262, 76 So. 772; Prest vs. Hammock, 92 Fla. 941, 111 So. 112; Toomer vs. Chancey, 92 Fla. 458, 109 So. 641.

It follows that the order of the lower court should be affirmed and it is so ordered.

Per Curiam.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the court as its opinion, it is considered and ordered by the Court that the decree of the Court below be and the same is hereby affirmed.

BUFORD, C.J. AND WHITFIELD, TERRELL AND DAVIS, J.J., concur;

ELLIS, J., dissents for the reason stated in his dissent to companion case this day filed.

BROWN, J., dissents.