MARY ELLA CRAFT, A WIDOW, W. H. CRAFT, MABEL CRAFT MILLER AND CHARLES F. CRAFT, *Appellants,* v. ISAAC S. CRAFT, *Appellee.*

Opinion Filed November 2, 1917.

1. A general demurrer addressed to the entire bill of complaint should be overruled if there is any equity in the allegations of the bill.

2.   Where one conveys real property to another, without consid-
     eration, the object being to promptly consummate a sale of
     such property by the grantee, it being expressly agreed that
     upon making sale of the property he will remit the purchase
     money received therefor to the grantor, a trust in the prop-
     erty is created and the grantee holds only the bare legal
     title, the grantor being the beneficial owner of such property.

3.   Where one intermingles property held in trust by him with
     other property, so as to make it difficult if not impossible to
     prove, in a court of law, the amounts received for the prop-
     erty so held in trust, upon sales of such property, a suit for
     an accounting in a court of equity may be maintained.

4.   While courts of law have jurisdiction to enforce contract
     demands that involve an accounting, yet courts of equity
     also take cognizance of cases in which contract demands be-
     tween litigants involve complicated accounts where it is not
     clear from the facts alleged in the particular case that the
     remedy at law is as full, adequate and expeditious as it is
     in equity.

Appeal from Circuit Court for Hillsborough County,
F. M. Robles, Judge.

Order reversed.

*H. S. Hampton, Fred J. Hampton* and *H. S. Phillips,*
for Appellants;

*Knight, Thompson & Turner,* for Appellee.

WEST, J.—The complainant Mary Ella Craft and others
filed their amended bill of complaint in the Circuit Court
of Hillsborough County on October 29th, 1915, against
Isaac S. Craft, the defendant.

The bill in substance alleges that Emma M. Craft died

on the 23rd day of November, 1892, leaving a will by which she devised and bequeathed to her sons Herbert M. Craft, Isaac S. Craft and Charles D. Craft, and her daughter Nona M. Grambling, share and share alike, her interest in the homestead of her husband D. Isaac Craft, deceased, the father of her said children, said homestead being located in Hillsborough County, Florida; that thereafter said homestead was sub-divided into lots and blocks and was by agreement partitioned among said legatees, the said partition being effected by the delivery of a quitclaim deed to each of said legatees duly executed by all said legatees, except the grantee in each of said deeds, for the lots so apportioned to him or her; that pursuant to said partition there was conveyed to said Charles D. Craft Lots 7, 8, 10 and 18 of said sub-division; and thereafter the defendant advised the said Charles D. Craft that he, the defendant, could sell the lots so apportioned and conveyed to said Charles D. Craft, and it was agreed that the said defendant should make sale of said lots and remit the proceeds of said sale to said Charles D. Craft; that for the purpose of authorizing and enabling the said defendant as his agent to make sale of said lots the said Charles D. Craft, his wife Mary Ella Craft joining in the conveyance, conveyed said lots to said defendant; that said conveyance was made at the request of said defendant, was without consideration, and was intended for the purpose of enabling the defendant to consummate the sale more promptly and upon the express understanding and agreement that the defendant upon making sale of said lots would remit the purchase money received therefor to said Charles D. Craft; that thereafter the said defendant, as agent for said Charles D. Craft and Mary Ella Craft, his wife, sold and conveyed said lot 18 together with lot 19 of said subdivision to a purchaser

and received a valuable consideration therefor, and later on February 10th, 1913, as agent for said Charles D. Craft and Mary Ella Craft, his wife, sold and conveyed lots 7, 8 and 10, together with lot 9 of said subdivision; that the exact amount of the consideration received by said defendant for said lots is unknown to complainants, but they aver that said lot 18 at the time of the sale by defendant was worth between $1,800.00 and $2,000.00, and that the deed by which said lots 7, 8 and 10, together with said lot 9 was conveyed states a consideration of $4,900 received by the defendant therefor, which amount complainants say is the fair value of said lots; that although repeated requests for said information have been made by said Charles D. Craft in his lifetime, and by complainants since his death, the defendant has refused, and still refuses, to inform them as to the amounts received for said lots, that he conceals from them the true consideration received, and refuses to account to them therefor, or to pay over any part of the amounts so received, except the sum of $1,500.00.

The prayer of the bill is for an accounting, that the defendant may be decreed to hold the sums received for said property in trust for the complainants, and that they may have a decree against the defendant for the payment of the same, and for general relief.

To this bill the following demurrer was filed:

"This defendant, by protestation, not confessing or acknowledging all or any of the matters and things in the said amended bill of complaint contained, to be true and in such manner and form as the same are therein and thereby set forth and alleged, demurs to said amended bill and for cause of demurrer shows:

"1.   That there is no equity in said amended bill.

"2.   That the complainants have failed to make or

state any cause of action whatsoever in and by their said amended bill of complaint against the defendant.

"3.  Because said amended bill of complaint contains simply conclusions of law, without any statement of facts from which the court could say that, as a matter of law, or equity the complainants have any cause of action whatsoever against the defendant.

"4.  Because there are no positive averments or allegations of fraud of any kind or character in the amended bill of complaint, the attempted allegations of that character being alleged wholly by conclusions of law, and not being any positive, clear, convincing averments of facts;

"5.  Because there are no positive averments or allegations of any kind or character in said amended bill of complaint so as to show beyond a reasonable doubt the existence of a trust in the defendant for the benefit of the complainants.

"6.  Because said amended bill shows upon its face gross negligence upon the part of the deceased and the complainants, or either of them, in the assertion of their supposed and alleged rights.

"7.  Because said amended bill shows upon its face that outside of any equity and as a matter of law, the statute of limitations had intervened to bar the assertion of the supposed and alleged rights upon the part of the said complainants, or either of them.

"8.  Because the bill shows upon its face that the complainants have a complete and adequate remedy at law, and that there is no necessity for the interposition by a court of equity in this case.

"9.  Because the delay and laches in bringing this suit is such as to bar all of the complainants from asserting their claims in a court of equity and there is no reason or excuse of any kind or character given for such laches or

for such delay in the bringing of the suit.

"10.    Because said amended bill, in its entirety, is wholly barren of any facts such as are sufficient in a court of equity and under the decisions of the Supreme Court of this State to establish any trust.

"11.    Because said amended bill of complaint fails in every particular to contain the necessary averments to enable the complainants to maintain a suit of this character.

"12.    Because the allegations of said amended bill are vague, indefinite and contradictory.

"13.    Because said amended bill of complaint does not in any way, shape or manner change the case of the complainants as stated in the original bill of complaint, and all questions involving the equities of the rights of the complainants to institute this suit have been by this court adjudicated upon the previous demurrer to the original bill of complaint, and adjudicated against the complainants.

"14.    Because said amended bill of complaint does not make or state any cause of action any different from the cause of action as stated in the original bill of complaint; that the amended bill of complaint is almost a verbatim copy of the original bill of complaint, except with a slight change of verbiage in some of the paragraphs of the amended bill; but the cause of action and the theory of complainants' case is not changed in the slightest, and all of the questions raised in the amended bill of complaint have been by the court, upon demurrer to the original bill of complaint, adjudicated against the complainants.

"15.    And for other reasons apparent upon the face of said amended bill."

Upon a hearing on this demurrer before the Circuit

Judge it was sustained, and the complainants not desiring to plead further, the bill was by order of the Circuit Judge dismissed, from which order this appeal was taken.

The error assigned is this order of the court sustaining the demurrer and dismissing the bill.

This is a general demurrer addressed to the entire bill and should be overruled if there is any equity in the averments of the bill, Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579; Warren v. Warren, 66 Fla. 138, 63 South. Rep. 726.

It is clear we think from the material facts alleged in the bill of complaint, which are admitted by the demurrer to be true, that this transaction created between the parties to it a trust relationship; that the complainants and their ancestor Charles D. Craft were, notwithstanding the conveyance to the defendant, still the beneficial owners of the lots so conveyed, that he held only the bare legal title and was charged with the obligation of faithfully accounting for and paying over the proceeds derived from the sales of such lots to his grantor, Charles D. Craft, or his successors, the complainants.

The property conveyed to the defendant by Charles D. Craft and wife is lots 7, 8, 10 and 18. In disposing of it he also disposed of other lots derived from other sources making joint conveyances of such properties. In the first deed the defendant conveyed lot 18, together with lot 19, and in the second he conveyed lots 7, 8 and 10, together with lot 9. By sales of this kind the defendant has so intermingled the property held in trust by him for the complainants, with other property, as to make it difficult if not impossible for complainants to prove in a court of law the amounts received by the defendant which should be paid over to them as the consideration for such prop-

erty, and the demurrer admits the truth of the averment in the bill to the effect that he now refuses to inform complainants as to the amounts received, or to account therefor and pay over such amounts, but on the contrary conceals this information from them.

In this situation the complainants are entitled to an accounting in a court of equity, and the Circuit Judge committed reversible error in sustaining defendant's demurrer to the bill of complaint.

The order will be reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.