349 So.2d 698 (1977)
Joyce M. JOHNSON, Appellant,
v.
Charles H. JOHNSON, Appellee.
No. 76-1270.
District Court of Appeal of Florida, Fourth District.
August 16, 1977.
George L. Moxon, the Law Offices of George L. Moxon, Fort Lauderdale, for appellant.
Lawrence J. Meyer, Meyer, Leben, Fixel & Cantor, Hollywood, for appellee.
ALDERMAN, Chief Judge.
The wife who brings this appeal from certain provisions of a final judgment of *699 dissolution of marriage raises only one point which presents a valid challenge to the trial court's rulings.
During the Johnsons' marriage the couple acquired, as tenants by the entireties, a lot on which they constructed a large residence which they called The Harborage. The Johnson family never lived in The Harborage; instead, they decided to put it up for sale. Before Mrs. Johnson left the United States on a vacation trip she executed a quitclaim deed conveying her interest in The Harborage to her husband. Both Mr. and Mrs. Johnson agree that the purpose of the quitclaim deed was to make possible the sale of the property if a buyer should be found while Mrs. Johnson was out of the country. The property was never sold, and the title remained in Mr. Johnson's name. When the marriage was dissolved, the trial court decreed, despite the wife's claim of an interest in The Harborage, "That the Husband's right, title and interest in and to ... THE HARBORAGE, being the sole title therein, is hereby ratified and confirmed."
We reverse because of that provision of the final judgment. When Mrs. Johnson conveyed her interest in the tenancy by the entireties it was not with the intention of relinquishing all of her beneficial interest in the property and vesting it in her husband, but rather it was done purely as a matter of convenience so that the property might be sold for the benefit of both husband and wife. Had the wife not executed the quitclaim deed the property would presumably have been held as a tenancy by the entireties until the dissolution of the marriage, at which time the wife would have become, by operation of law, the owner of a one-half interest in The Harborage as a tenant in common.
In the light of these circumstances, it would be inequitable and contrary to the original intent of the parties for the husband to retain full title to The Harborage. When Mrs. Johnson conveyed her interest in The Harborage to her husband, she became the beneficiary under a constructive trust and he became the trustee. Compare: LeCain v. Becker, 58 So.2d 527 (Fla. 1952). Where one party conveys an interest in real property, without consideration, in order that the grantee may sell that interest on behalf of the grantor, the grantee gains only a naked legal title, while beneficial ownership remains in the grantor. See, for example, Craft v. Craft, 74 Fla. 262, 76 So. 772 (1917).
A beneficiary under a constructive trust is entitled to have his original interest restored, and to be re-established in his title. Allen v. Tatham, 56 So.2d 337 (Fla. 1952). As constructive trustee, the appellee must convey to the appellant a one-half interest in The Harborage property; the marriage having been dissolved, the wife will now hold her interest as a tenant in common with her former husband.
Our holding upsets the balance between the parties as established by the trial court's final judgment. We reverse and remand with directions that the trial court reassess the various allowances made to the wife, in view of the fact that she now owns half of The Harborage property.
Reversed and remanded for further proceedings consistent with this opinion.
CROSS and DAUKSCH, JJ., concur.