463 So.2d 1219 (1985)
Kenneth W. MAYER, Appellant,
v.
Dominic CIANCIOLO, As Personal Representative of the Estate of Anita Ann Mayer Reeves, Appellee.
No. 84-740.
District Court of Appeal of Florida, Third District.
February 12, 1985.
Rehearing Denied March 19, 1985.
*1220 Ronald L. Buschbom, Miami, for appellant.
Burt E. Redlus, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
By this appeal, plaintiff challenges an amended final judgment which denied a constructive trust on certain real property owned by the decedent, plaintiff's mother.
The salient facts of the case are wellstated in the trial court's order. From veteran's benefits and the proceeds from the sale of another home, plaintiff, in late 1947 or early 1948, completed construction of a home for himself and his mother, Anita Mayer.
Mrs. Mayer sold the home in 1970, and with the sale proceeds made a downpayment on a home in Key Largo which was titled to herself and a second husband as tenants by the entirety. The two obtained a mortgage which secured the purchase price balance. Mrs. Mayer gained sole title when the marriage was dissolved in 1979. Soon thereafter she conveyed the property by quitclaim deed to herself and plaintiff-son as joint tenants with right of survivorship.
*1221 In 1981, Mrs. Mayer, suffering from an illness, made plans to sell the Key Largo home so as to buy another place near her son in Fort Lauderdale. To facilitate the sale in Monroe County, plaintiff-son quitclaimed his interest to his mother, Mrs. Mayer. She died in 1982 before the home could be sold. After the property had been conveyed to her for the purpose of effecting a sale, and unknown to plaintiff, Mrs. Mayer executed a will giving one-half of the property to the Watch Tower Bible and Tract Society.
Plaintiff sued the personal representative of his mother's estate contending that the last quitclaim deed which transferred the jointly owned property to his mother as sole owner should be set aside. He asked for either a constructive or resulting trust. The trial court first imposed a constructive trust but on rehearing amended the final judgment to vacate the finding that plaintiff had established entitlement to a constructive trust. Plaintiff appeals the amended judgment.
The trial court made a factual finding, which is not challenged here, that the final quitclaim deed was not intended to vest all of the plaintiff's beneficial interest in his mother as sole owner, but was rather done as a matter of convenience to facilitate the sale of the home by his mother. The court held, however, that on those facts a constructive trust could not be imposed because plaintiff failed in his burden to prove by clear, strong, and unequivocal evidence that Mrs. Mayer, through fraud, abuse of confidence, or other questionable means had deprived him of something which in equity or good conscience he should have, citing Barnett Bank of Tallahassee v. Applegate, 379 So.2d 1284 (Fla. 1st DCA 1978). We think the court was correct in its original judgment. The instant case presents a situation in which relief in the form of a constructive trust is entirely appropriate.
The controlling principle was explained in Craft v. Craft, 74 Fla. 262, 76 So. 772 (1917). There the Florida Supreme Court held that where one conveys real property to another, without consideration, in order to promptly consummate a sale of such property by the grantee and where it is expressly agreed that upon making the sale the grantee will remit the purchase money received therefor to the grantor, a trust in the property is created, and the grantee holds only the bare legal title while the grantor retains the beneficial interest in the property.
Craft was cited with approval in Johnson v. Johnson, 349 So.2d 698 (Fla. 4th DCA 1977). In Johnson, a husband and wife owned certain real property as tenants by the entirety. The parties wished to sell the property, a large residence which they called the The Harborage. Before Mrs. Johnson left for a vacation trip outside the country, she executed a quitclaim deed conveying her interest in the property to Mr. Johnson. The transfer was solely for the purpose of allowing the husband to sell the property while the wife was away. The property was never sold, and the title remained in Mr. Johnson's name. When the marriage was later dissolved, Mrs. Johnson sought a constructive trust on one-half of the interest in the property. In reversing the trial court's denial of a constructive trust, the fourth district held:
In the light of these circumstances, it would be inequitable and contrary to the original intent of the parties for the husband to retain full title to The Harborage. When Mrs. Johnson conveyed her interest in The Harborage to her husband, she became the beneficiary under a constructive trust and he became the trustee... .
A beneficiary under a constructive trust is entitled to have his original interest restored, and to be re-established in his title. [cite omitted].
349 So.2d at 699. See also Brown v. Hanger, 368 So.2d 63 (Fla. 3d DCA 1979) (imposing constructive trust in favor of widow on proceeds derived from sale of real property *1222 owned as tenants by the entireties which had been deposited in deceased husband's individual account).
Contrary to the trial court's implicit holding, proof of evil design on the part of the trustee is not necessary predicate to imposition of a constructive trust. Where there is "a confidential relation, a transaction induced by the relation, and a breach of the confidence reposed," a constructive trust may arise even in the absence of fraud. Matter of Topeka Motor Freight, Inc., 553 F.2d 1227, 1231 (10th Cir.1977) (quoting Silvers v. Howard, 106 Kan. 762, 190 P. 1 (1920)). Thus, where one person having legal and equitable title in property transfers it to another with whom he has a confidential relationship[1] to hold for a particular purpose, a constructive trust arises in favor of the promisee which may be enforced where the promisor acts in a fashion so as to harm the beneficiary's interest. See Craft, Johnson; see also Estate of Sheets v. Sheets, 558 S.W.2d 291 (Mo. Ct. App. 1977).
The relationship between plaintiff and his mother, as evidenced by the origin of the property, the numerous conveyances between the two, the purpose and intent of the conveyances, and the kinship of the parties, all point to a confidential relationship which was misused by the mother, even if by mistake, so that imposition of a constructive trust is justified. Plaintiff as beneficiary under a constructive trust is entitled to have restored his original title as joint tenant with right of survivorship, which ripened to ownership of the entire fee upon the death of his mother as joint tenant.
Reversed and remanded with instructions to enter judgment for plaintiff accordingly.
NOTES
[1] "Confidential relations," as a legal concept, is not confined to the strict fiduciary relationship existing between those having definite, well-recognized legal relations of trust and confidence, but extends to every possible case in which a fiduciary relation exists as a fact, though it may be a moral, social, domestic, or merely personal relationship. Bobbins v. Law, 48 Cal. App. 555, 192 P. 118 (1920); Hitchcock v. Tackett, 208 Ky. 803, 272 S.W. 52 (1925). But the mere existence of kinship, without more, does not give rise to such a relation. In re Null's Estate, 302 Pa. 64, 153 A. 137 (1930).