COBB, Judge.
The core issue of this appeal is the propriety of an ex-wife’s intervention, as a judgment creditor, in a dissolution proceeding between her ex-husband and his current wife — resulting in a final judgment which, inter alia, awarded the ex-wife a joint judgment for $92,500.00 against both of the other parties. Rupert LaBelle and his current wife, Carmel LaBelle, have appealed that judgment and the order allowing the intervention of the ex-wife, Dorothy LaBelle. We consider their appellate arguments seriatim.
First, it should be noted that Rupert LaBelle consented to Dorothy’s intervention in the action below. He cannot now raise an untimely objection thereto, and the intervention did not constitute fundamental error. See Castor v. State, 365 So.2d 701, 703 (Fla.1978). We also reject Rupert’s argument that, despite his fraudulent use of Dorothy’s funds, he is entitled to the protection afforded by Article X, Section 4 of the Florida Constitution in respect to realty in Citrus County and $1,000.00 of designated personal property. These protections do not apply to properties which are purchased with fraudulently obtained, traceable proceeds and which are, therefore, subject to the imposition. of a constructive trust. See Mayer v. Cianciolo, 463 So.2d 1219 (Fla. 3d DCA 1985). Moreover, we find no suggestion in the record before us that Rupert LaBelle properly preserved this issue for appeal.
In respect to the appeal of Carmel La-Belle, we note that she also failed to raise any objection to the intervention of Dorothy LaBelle in the trial below. We, therefore, reject Carmel’s argument in this regard. Her other contentions are that the trial court erred in (1) its failure to make an equitable distribution of property between herself and Rupert; and (2) entering a money judgment against herself based upon fraud, particularly when that judgment was not supported by the pleadings of the intervenor.
We cannot agree that the trial court erred in failing to equitably distribute properties between Rupert and Carmel for the simple reason that, given the constructive trusts imposed in favor of the intervenor, there were no marital assets remaining to distribute. There is sufficient record evidence to support the imposition of constructive trusts on various properties held by Rupert and Carmel based on fraud committed by them against Dorothy LaBelle.[1]
We do agree, however, with Carmel that she cannot be included as a joint and several obligor in the $92,500.00 judgment entered below. This is so because that judgment arises from debts (a Connecticut judgment against Rupert and subsequent support delinquencies) not attributable to Carmel. Consequently, it was error for the trial court to include Carmel in the monetary judgment, and we reverse in that respect.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
THOMPSON, J., and HAUSER, J.C., Associate Judge, concur.

. We note that the efficacy of the judgment’s purported self-execution in respect to the convey-anee of legal title to real property situated in Massachusetts has not been raised by this appeal.