**George R. BENDER, Plaintiff–Appellant,**

v.

**CENTRUST MORTGAGE CORPORATION, a California corporation, Resolution Trust Corporation, Conservator/Receiver for CenTrust Bank, Defendants–Appellees.**

No. 92–4669.

United States Court of Appeals, Eleventh Circuit.

May 10, 1995.

Hinda Klein, Conroy, Simberg and Lewis, P.A., Hollywood, FL, Timothy D. Naegele, Washington, DC, for appellant.

Kirk K. Van Tine, Wendy J. Lang, Kimberlee Ann Scalia, Baker & Botts, L.L.P., Washington, DC, Marcia Soto Conner, Alan J. Kluger, Kluger, Peretz, Kaplan & Berlin, P.A., Miami, FL, P. Matthew Sutko, Resolution Trust Corp., Washington, DC, for appellees.

Before CARNES, Circuit Judge, and DYER and GUY\*, Senior Circuit Judges.

DYER, Senior Circuit Judge:

Bender appeals the denial of his motion for a preliminary injunction against Resolution Trust Corporation (RTC) as Receiver for CenTrust Federal Savings Bank and CenTrust Mortgage Corporation (CenTrust Mortgage) to enjoin the sale of the assets of CenTrust Mortgage, and to require CenTrust Mortgage or any third party to post a bond of at least three million dollars ($3 million). He also appeals the dismissal of his claim to impose a constructive trust on the assets of CenTrust Mortgage as a basis for denying the preliminary injunction. We find the preliminary injunction issues to enjoin the sale and post bond are moot, and we affirm the judgment of the district court dismissing the constructive trust claim.

## BACKGROUND

There is no dispute that pursuant to the provisions of 12 U.S.C. § 1821(d)(2)(A), RTC

---

\* Honorable Ralph B. Guy, Jr., Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

succeeded to the ownership of CenTrust Mortgage, a wholly owned subsidiary of CenTrust Federal Savings Bank when the latter failed.

Bender is the former president of CenTrust Mortgage. RTC determined that Bender's contract with CenTrust Mortgage was burdensome, and repudiated it in accordance with the provisions of 12 U.S.C. § 1821(e)(1). Bender seeks damages from CenTrust Mortgage and RTC on a variety of claims arising out of the allegedly improper repudiation of his employment relationship with CenTrust Mortgage. This action, on the merits, is still pending in the district court.

The district court held that it lacked jurisdiction, under 12 U.S.C. § 1821(j),[1] to grant Bender's claim for a preliminary injunction. For the same reason, it dismissed Bender's claim for a constructive trust. After Bender commenced this appeal, RTC sold CenTrust Mortgage, in its entirety, to a third party.

## DISCUSSION

### Mootness

■ RTC has suggested that the preliminary injunction issue is moot. Counsel for Bender conceded on oral argument that since RTC sold CenTrust Mortgage to a third party, the request for a preliminary injunction to enjoin the sale and the posting of a bond is moot. We agree, and dismiss the appeal from the denial of this claim.

### Constructive Trust

In the Order Denying Motion for Preliminary Injunction, the district court held "[b]ecause the court lacks jurisdiction to enter the requested injunctive relief, and because in the companion order entered this date we dismissed Count XI of the complaint, *which forms the basis for injunctive relief,* plaintiff's motion for preliminary injunction is denied." (Emphasis supplied). Although we dismissed the request for preliminary injunction to enjoin the sale of CenTrust Mortgage

as moot, there continues to be a live issue whether, as a basis for a preliminary injunction, Bender is entitled to the imposition of a constructive trust on the proceeds from the sale of CenTrust Mortgage by the RTC.

In Count XI of Bender's complaint, he seeks to require RTC to hold in trust for his use and benefit at least $3 million of the proceeds from the sale of the assets of CenTrust Mortgage, pending the resolution of his suit on the merits, in which he alleges that RTC improperly repudiated his employment contract with CenTrust Mortgage. He alleges that "[a] failure to impose such a constructive trust would result in the unjust enrichment of Mortgage Company, or in the dissipation of said funds in the event of a sale of Mortgage Company and all or a substantial part of the assets thereof, all to the detriment of Bender." He alleges, further, that "Bender is entitled to the imposition of a constructive trust on the proceeds of any sale of Mortgage Company and all or any part of its assets, with such proceeds being used to satisfy Bender's claims in full."

The district court dismissed this count and denied injunctive relief, holding that 12 U.S.C. § 1821(j) prohibited the court's interference with the RTC liquidation and its proper disposition of CenTrust Mortgage assets. We find that the complaint fails to state a claim for a constructive trust, and we, therefore, pretermit consideration of the applicability of the statutory provision.

■ The purpose of a constructive trust is to prevent the unjust enrichment of culpable parties. *Am. Nat'l Bank of Jacksonville v. FDIC,* 710 F.2d 1528, 1541 (11th Cir.1983). The beneficiary of the trust is entitled to have his original interest restored in his property which was wrongfully taken. *Id.* (citing *Johnson v. Johnson,* 349 So.2d 698, 699 (Fla.Dist.Ct.App.1977)). *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.,* 14 F.3d 1507 (11th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1092, 130 L.Ed.2d 1061 (1995), succinctly states that "[a] constructive trust arises where a person who holds title to

---

1. 12 U.S.C. § 1821(j) provides:
   Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver.

property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Id.* at 1518 (citation omitted). The remedy applies where money is obtained by fraud, unless there is an adequate remedy at law. *Id.* at 1519. It is well settled that the elements of a constructive trust are: "(1) a confidential relationship, by which (2) one acquires an advantage he should not, in equity and good conscience retain." *Williams v. Dept. of Health and Rehabilitative Serv.,* 522 So.2d 951, 954 (Fla. Dist.Ct.App.1988) (citing *Steigman v. Danese,* 502 So.2d 463, 467 (Fla.Dist.Ct.App. 1987)). Count XI fails to allege the basic elements necessary for a constructive trust: specific property as the res, and fraud by the defendant in obtaining plaintiff's property.

■ Bender asks for a constructive trust to be imposed on general assets. He asserts that "all that the appellant is seeking here is that those assets, or so much of them as he is claiming, not be distributed pending an ultimate decision in this case." Further, he states that "[u]ltimately, the question is whether there will be a pot of money for him to recover from;" whether he is entitled to a constructive trust "on the proceeds of any sale of Mortgage Company and all or any part of its assets"; and "whether a portion of the proceeds of any sale [should] be set aside pending a judgment in his favor." The allegations of Count XI do not establish that there is "definitive, designated property, wrongfully withheld" by RTC. *See Finkelstein v. Southeast Bank, N.A.,* 490 So.2d 976, 983–984 (Fla.Dist.Ct.App.1986).

■ A constructive trust cannot be imposed on general assets. *See Trend Setter Villas of Deer Creek v. Villas on the Green, Inc.,* 569 So.2d 766, 768 (Fla.Dist.Ct.App. 1990). "[I]t is well settled that Florida courts will impress property with a constructive trust only if the trust res is specific, identifiable property or if it can be clearly traced in assets of the defendant which are claimed by the party seeking such relief." *Finkelstein,* 490 So.2d at 983. This specific property must be the subject of the inequitable transaction. *Id.* In *Mitsubishi,* this court held that "[o]rdinarily, '[t]he general

federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment.'" 14 F.3d at 1521 (citation omitted).

Bender argues that *Trend Setter Villas, Finkelstein* and *Mitsubishi* can be distinguished from his claims, because here the assets are related to the lawsuit or are traceable to such assets, rather than unrelated general assets. We find Bender's argument to be unpersuasive where Bender cannot trace his benefits and compensation to a designated fund held by RTC.

■ It is axiomatic that a constructive trust is inappropriate relief for the mere failure to pay a debt. In *Rosen v. Cascade Int'l, Inc.,* 21 F.3d 1520, 1531 (11th Cir.1994), the court held that "a district court lacks the authority to issue a preliminary injunction freezing the assets of a defendant in a case seeking only money damages." There is no authority "for any restraint [by the court] upon the use of defendant's unrestricted assets prior to the entry of judgment." *Id.* "Cases in which the remedy sought is the recovery of money (whether as collection on a debt or as damages) do not fall within the jurisdiction of equity ... and the imposition of a constructive trust will generally not be the appropriate remedy." Additionally, there is no showing of irreparable injury. *Mitsubishi,* 14 F.3d at 1517–18. Bender's concern for the ultimate collectibility of a judgment against RTC and CenTrust Mortgage does not support his asserted right to set aside a fund for "losses and/or damages and costs" while such claims are being resolved.

■ Finally, we note that 12 U.S.C. § 1821(d)(13)(C) provides that "[n]o attachment or execution may issue by any court upon assets in the possession of the receiver." While Bender's position is that this provision is inapplicable because it does not specifically include "constructive trust," the relief requested by Bender to carve out a portion of the receivership assets for his benefit constitutes a form of attachment be-

cause it would preclude RTC as Receiver from disposing of receivership assets.

## CONCLUSION

The denial of a preliminary injunction to enjoin the sale of CenTrust Mortgage, and the posting of a bond, was rendered moot by the sale by RTC to a third-party purchaser. The appeal of this issue is dismissed.

Count XI of Bender's complaint fails to state a claim for the imposition of a constructive trust on RTC receivership assets derived from the sale of CenTrust Mortgage to satisfy a potential judgment against RTC and CenTrust Mortgage. Therefore, the district court's order denying such relief is affirmed.

DISMISSED, in part, and AFFIRMED, in part.