THOMPSON, C.J.
Keith Stanley (“husband”) takes a non-final appeal from an injunction and an order awarding Belinda Stanley (“wife”) immediate monetary relief. We affirm on all issues, but write to address the last issue raised by the husband.
The trial court temporarily enjoined the husband from visiting his son’s day care center and the husband complains that this ruling was erroneous.
The wife sought to have the husband held in contempt for failing to pay child care expenses. During the hearing, the husband’s attorney called and questioned the owner/operator of the children’s day care center. When asked by appellant’s counsel if she had any reason to dislike the appellant; she stated she had a reason. When asked what was the reason, the owner of the children’s daycare center testified that the husband, in front of other children at the daycare center, ordered his son to leave the day care with the husband. The child refused and began crying. The husband was “agitated, unshaven” and the owner “barely recognized him.” Aware that the wife was planning to pick the son up from day care that day, the owner indicated she would like to call the wife before allowing the child to leave with the husband. The husband became angry and disrupted the day care center, leading other children to begin hiding, crying and asking that “the man not be allowed” to take them from the daycare center. The police were called on this occasion and on another occasion due to the demeanor of the husband.
After hearing this evidence — evidence introduced because the husband opened the door to this testimony through his counsel’s questioning — the trial court sua sponte enjoined the husband from visiting the daycare center until a hearing could be scheduled later to hear testimony on the matter. The husband agreed that he should not visit the day care center again until a later hearing was held. Because the husband did not object, but rather agreed below to the entry of this injunction, this issue cannot be raised for the first time on appeal. See Carnell v. Carnell, 398 So.2d 503 (Fla. 5th DCA 1981); cf. LaBelle v. LaBelle, 624 So.2d 741, 742 (Fla. 5th DCA 1993)(holding where husband in trial court consented to intervention of third-party in his dissolution case, he cannot object on appeal to that party’s intervention).
AFFIRMED.
PETERSON and PLEUS, JJ., concur.