[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12327
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-00394-JSM-EAJ

C&M INVESTMENT GROUP, LTD.,
KARLIN HOLDINGS LIMITED PARTNERSHIP,

                                                            Plaintiffs - Appellees,

    versus

NEIL DAVID CAMPBELL,
JULIE CAMPBELL,

                                                            Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 14, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Defendants-Appellants Neil David Campbell and Julie Campbell (collectively the "Campbells") appeal the district court's entry of default judgment in favor of Plaintiffs-Appellees Costa Rican limited liability company C&M Investment Group Ltd. and its sole shareholder Karlin Holdings (collectively "C&M") on C&M's fraudulent transfer claim. On appeal, the Campbells argue that the district court erred in imposing and collapsing a constructive trust pursuant to the default judgment because he did not concede to the damages sought, and C&M's complaint did not request a money judgment or to collapse a trust but was in actuality a claim for an equitable lien on property until damages are established (in related litigation in California court, hereinafter the "California Action"). After careful review, we affirm.

We review the district court's decision to enter a default judgment for abuse of discretion, but review de novo claims of legal error, as well as challenges to the sufficiency of the complaint. See Sanderford v. Prudential Ins. Co. of America, 902 F.2d 897, 898 (11th Cir.1990); First Vagabonds Church of God v. City of Orlando, 638 F.3d 756, 760 (11th Cir. 2011); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1303 (11th Cir. 2009).

The relevant procedural history is this. C&M's complaint alleged a violation of Florida's Uniform Fraudulent Transfer Act, on the ground that Neil Campbell had

2

purchased real property (the "Sarasota Property") using C&M's monies, which were obtained through fraud. The complaint sought to void a money transfer between the Campbells and to impose an equitable lien and/or a constructive trust for C&M's benefit on the Sarasota Property, and sought an injunction prohibiting the Campbells from transferring or encumbering the Sarasota Property. The Campbells originally answered the complaint, but then filed a motion to withdraw the answer. The district court then directed the Campbells to notify the court as to whether they intended to withdraw their motion to withdraw the answer or in the alternative, if they moved to withdraw the motion, they were to provide discovery owed to C&M. The court ordered that if the Campbells failed to either withdraw the motion or to provide discovery, a default judgment would be entered in favor of C&M, "which includes the remedy of a constructive trust." Because the Campbells failed to take either action within the allotted time period, the district court granted the Campbells' motion to withdraw their answer and entered a default against the Campbells.

In the default judgment, the district court granted to C&M a constructive trust over the Sarasota Property, by which title of the property would be transferred from the Campbells to C&M within ten days of the date of judgment, and ordered the Campbells to convey the property, and to execute all documents and to pay all taxes and costs required to effectuate the transfer. The judgment stipulated that should the

3

Campbells fail to comply with the order, C&M would be authorized to perform all acts necessary to effectuate the transfer of title, or in the alternative, at C&M's election, the judgment would operate to divest the Campbells of title to the property and the property would be vested in C&M or its designee. The district court denied in relevant part the Campbells' subsequent motion to stay, and on May 31, 2011, C&M designated Flower Sarasota, LLC to take title to the Sarasota Property, and the warranty deed was recorded on June 1, 2011. This timely appeal follows.

We are unpersuaded by the Campbells' claims that C&M was not entitled to entry of judgment until they proved up their "damages" in the separate California Action.[1] As an initial matter, the Campbells' reliance on the California Action is misplaced as those proceedings involve causes of actions separate from the underlying proceedings. As the district court recognized when the Campbells unsuccessfully moved to stay this proceeding in favor of the California Action, the

---

[1] We are also unpersuaded, however, by C&M's argument that the appeal is moot. While it is true that the previous transfer of property to a third party pursuant to a district court order that is not stayed pending appeal could make an appeal moot, see Am. Grain Ass'n v. Lee-Vac, Ltd., 630 F.2d 245, 247-48 (5th Cir. 1980), it is difficult to say that Flower Sarasota, LLC, the recipient of the Sarasota Property, is a true third party in this case. As the record shows, Flower Sarasota, LLC is a Florida corporation, formed just days before it received the Sarasota Property, and has as its registered manager Karlin Asset Management, Inc., which shares the same address and registered agent as the plaintiffs. Therefore, we reject C&M's claim of mootness, and address the Campbells' argument on the merits.

Campbells fail to appreciate that this lawsuit is independent of the California Action, and is not a mere "collection action":

> This action deals with whether Mr. Campbell fraudulently transferred assets to Defendant Julie Campbell, who is not a party in the California action. Notably, the Florida property at issue in this case is not at issue in the California action. And as Plaintiffs point out, contrary to Defendants' argument that this action is just a collection action, an action for fraudulent transfer under Florida law is not an action to collect, but rather a claim that requires an independent adjudication of liability based on statutorily-defined elements.

(Doc. 41 at 5). Indeed, the Campbells do not even argue that the California and Florida actions involve the same causes of action or the same parties; they merely say that the cases involve the same facts.

Moreover, C&M did not need to prove damages here because they did not seek damages in their complaint, but rather, sought a constructive trust and title to the Sarasota Property.[2] The Campbells' argument that C&M only sought "provisional relief" and that the district court, by imposing a constructive trust, granted Plaintiffs relief greater than what they requested is belied by C&M's complaint, which requests that the district court "direct[] that the Sarasota Property be held in constructive trust." The Campbells even acknowledge that C&M sought a constructive trust in

---

[2] In addition, the Campbells' assertion that Florida state law requires plaintiffs to make a showing separate from the allegations in the complaint to obtain a default judgment for damages is irrelevant here, since federal, not Florida, procedural law governs the default-judgment analysis in this case. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996) ("federal courts sitting in diversity apply state substantive law and federal procedural law").

5

their complaint, but insist that C&M's express request for a constructive trust was somehow insufficient: "Despite use of the term 'Constructive Trust', Plaintiffs' pleading is actually a claim for an equitable lien until damages are established." (Blue Br. at 9). Notwithstanding the Campbells' effort to rewrite the complaint to their liking, C&M's prayer for a "constructive trust" was simply that -- a claim for a constructive trust. And, contrary to the Campbells' unsupported assertion, C&M did not also have to plead that they wanted the constructive trust "collapsed" in order to be entitled to transfer of title. The law is clear that "[w]hen a constructive trust is created, the beneficiary . . . 'is entitled to have his original interest restored, and to be reestablished in his title.'" Am. Nat'l Bank of Jacksonville v. FDIC, 710 F.2d 1528, 1541 (11th Cir. 1983) (quoting Johnson v. Johnson, 349 So. 2d 698, 699 (Fla. Dist. Ct. App. 1977)); see also Bender v. CenTrust Mortg. Corp., 51 F.3d 1027, 1029 (11th Cir. 1995) ("The beneficiary of the constructive trust is entitled to have his original interest restored in his property which was wrongfully taken."); Barfield v. Bradshaw, 442 So. 2d 1002, 1004 (Fla. Dist. Ct. App. 1983) (holding that lower court erred in appointing a trustee to hold and manage funds subject to constructive trust, rather than transferring them to rightful owner, because "[n]o party sought appointment of a trustee, and the rule is that a beneficiary under a constructive trust is entitled to have

6

his original title restored").[3]  Thus, C&M's entitlement to that equitable relief was demonstrated when the Campbells conceded the truth of the well-pleaded allegations that the Campbells funded the purchase of the Sarasota Property entirely with money stolen from C&M.

Finally, the Campbells' claim, under federal procedural rules, that the district court erred by entering default judgment because C&M's claim was not for a "sum certain" is based upon a misreading of Federal Rule of Civil Procedure 55.  Rule 55(b)(1) requires a "sum certain" only before the <u>clerk</u> can enter default judgment. Rule 55(b)(2), by contrast, which addresses entry of default judgment by the court, contains no such requirement and gives courts broad discretion to determine what additional evidence, if any, is required to enter default judgment.  <u>See</u> Fed. R. Civ. P. 55(b)(2) (providing that courts "may conduct hearings or make referrals" necessary to effectuate default judgment); <u>see also</u>  <u>SEC v. Smyth</u>, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (noting that an "evidentiary hearing is not a <u>per se</u> requirement" for a default judgment and is not needed when "all essential evidence is already of

---

[3] The Campbells also say that "a constructive trust is a remedy, not a cause of action and must be imposed on an established cause of action." (Blue Br. at 6-7). They provide no support for this assertion, and its basis is unclear.  But in any event, the record is clear that the district court imposed a constructive trust as a remedy for the Campbells' violation of Florida fraudulent transfer laws. (Doc. 106 at 2-3).  Also, it was clear from the district court's order that the Campbells' failure to withdraw the motion to withdraw would result in the transfer of the Sarasota Property's title.

record"); <u>Hamm v. DeKalb Cnty.</u>, 774 F.2d 1567, 1576 (11th Cir. 1985) ("The entry

of a default judgment is committed to the discretion of the district court.").

Accordingly, we affirm.

**AFFIRMED.**