[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14238
Non-Argument Calendar
_____

D.C. Docket Nos. 0:08-md-01916-KAM,
9:11-cv-80405-KAM


9:11-cv-80405-KAM

DOES 1-254,

                                                    Plaintiff - Appellant,


ANGELA MARIA HENAO MONTES,

                                                    Plaintiff,


                            versus


CHIQUITA BRANDS INTERNATIONAL INC.,

                                                    Defendant - Appellee,

DOE CORPORATIONS 1-10, et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 16, 2021)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

The background of this appeal is a complex procedural web of litigation related to murders and war crimes that occurred over the last several decades in a protracted Colombian civil war. The issue on appeal, however, is narrow: whether the district court abused its discretion when it held that foreign national plaintiffs cannot impose a constructive trust over the assets of a Colombian guerrilla group that the plaintiffs have never sued. For the following reasons, we hold that the district court did not abuse its discretion and thus we affirm.

## I.      Factual and Procedural Background

We write only for the parties, who are familiar with the facts and procedure of this case. The Doe Plaintiffs are family members of alleged victims of war crimes committed by a terrorist group called the *Fuerzas Armadas Revolucionarias de Colombia* (the FARC). They brought this action in the U.S. District Court for the District of Columbia against Chiquita Brands International Inc., alleging that Chiquita provided the FARC with financial support, which contributed to the harm

2

suffered by the Doe Plaintiffs' family members.  The Judicial Panel on Multidistrict Litigation (JPML) transferred the case to the Southern District of Florida.

The Doe Plaintiffs never brought suit against the FARC.  Two groups of American nationals, however, did sue the FARC and were eventually able to obtain judgments under the Anti-Terrorism Act (ATA), which allows civil recovery for acts of international terrorism.  *See* 18 U.S.C. § 2333(a).  The two groups—who we will refer to as the Pescatores and the Stansells—consist of family members of Americans who were captured and either tortured or murdered by the FARC.

The Pescatores filed one lawsuit against the FARC and one of its commanders, and another lawsuit against Chiquita.  In their action against the FARC, the Pescatores obtained a $69 million default judgment, which included statutory treble damages.  *Pescatore v. Palmera Pineda*, 345 F. Supp. 3d 68 (D.D.C. 2018).  Their separate action against Chiquita was transferred to the Southern District of Florida by the JPML.  It settled before trial.

The Stansells, for their part, sued the FARC in the Middle District of Florida.  In that action, they won a $318 million default judgment.  *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 149 F. Supp. 3d 1337 (M.D. Fla. 2015).  The Stansells also sued Chiquita in the Middle District of Florida for

assisting the FARC in carrying out acts of terrorism.  The JPML transferred this action to the Southern District of Florida, where Chiquita and the Stansells ultimately filed a stipulation of dismissal.

After the Pescatores and Stansells had each obtained judgments against the FARC, they entered a joint prosecution and sharing agreement to cooperate in enforcing the judgments.  According to a July 10, 2020, order from the District Court for the District of Columbia, the Pescatores and Stansells managed to collect over $18 million from assets that had been frozen by the Office of Foreign Assets Control (OFAC).[1]

On July 20, 2020, the Doe Plaintiffs filed a motion to impose a prejudgment constructive trust to prevent the dissipation of the frozen FARC assets.  In support of their motion, the Doe Plaintiffs challenged the default judgments obtained against the FARC by the Pescatores and Stansells, arguing that jurisdiction was lacking and that the judgments should have been barred by res judicata.

The district court denied the motion for a constructive trust.  It reasoned that the Doe Plaintiffs "ha[d] no claim pending against the FARC . . . [, and] ha[d] no confidential relationship with the Stansell / Pescatore Plaintiffs on which a constructive trust over a blocked FARC-asset res might conceivably hinge."  The

---

[1] The Doe Plaintiffs allege that the Pescatores and Stansells have collected somewhere close to $20 million.

4

Doe Plaintiffs had never sued the FARC, nor was there any evidence that the frozen FARC assets were traceable to monies paid by Chiquita. "Without evidence that the res contain[ed] funds traceable to Chiquita," the district court explained, "there [was] no demonstrable basis for the equitable relief requested."

The Doe Plaintiffs moved for reconsideration and for leave to file a Second Amended Complaint adding the FARC as a defendant to their suit. The district court found no basis to reconsider its ruling on the constructive trust, and it found that the motion for leave to amend, which the Doe Plaintiffs had filed nine years into their suit, was "plainly untimely and unsupported by adequate cause." The Doe Plaintiffs timely filed a notice of appeal as to the denial of their motion for a constructive trust.

## II.    Standard of Review

"[B]ecause a constructive trust is an equitable remedy, we review the district court's decision not to impose a constructive trust for an abuse of discretion." *United States v. Ramunno*, 599 F.3d 1269, 1273 (11th Cir. 2010) (per curiam).

## III.    Discussion

On appeal, the Doe Plaintiffs argue that the default judgments obtained by the Pescatores and Stansells are void because the courts lacked jurisdiction and because the cases should have been barred by res judicata. The Doe Plaintiffs add that they have a right to the FARC's assets under the Crime Victim Rights Act, and

that the scheduling of this case—particularly that the Doe Plaintiffs have been unable to initiate discovery—violates their rights under the Fifth and Seventh Amendments.

We begin by noting that the Doe Plaintiffs' appeal is limited to the sole issue included in their notice of appeal: the denial of their motion for a constructive trust. *See O'Neal v. Garrison*, 263 F.3d 1317, 1325 (11th Cir. 2001). Thus, we address only that issue.

Under Florida law, "[t]he purpose of a constructive trust is to prevent the unjust enrichment of culpable parties."[2] *Bender v. CenTrust Mortg. Corp.*, 51 F.3d 1027, 1029 (11th Cir. 1995). "The beneficiary of the trust is entitled to have his original interest restored in his property which was wrongfully taken." *Id.* A party seeking a constructive trust must satisfy two elements: "(1) a confidential relationship, by which (2) one acquires an advantage he should not, in equity and good conscience retain." *Id.* at 1030. When seeking a constructive trust, a party must prove the elements by clear and convincing evidence. *Gersh v. Cofman*, 769 So. 2d 407, 409 (Fla. Dist. Ct. App. 2000).

---

[2] Because the district court had diversity jurisdiction over this matter, we apply Florida law. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1059 (11th Cir. 2007). "Federal courts adjudicating state law claims apply the substantive law of the state where they render decisions." *Id.* (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

The Doe Plaintiffs fail to explain how the district court abused its discretion by denying their motion for imposition of a constructive trust. In fact, the Doe Plaintiffs do not appear to advance any theory whatsoever as to how they can satisfy the first element of a constructive trust: a confidential relationship with the Pescatores and Stansells. *See Bender*, 51 F.3d at 1030.

It is true that the Pescatores and Stansells—like the Doe Plaintiffs—have brought lawsuits against Chiquita. But the judgments they have enforced against the FARC do not stem from their litigation against Chiquita; they stem from separate suits against the FARC—a party the Doe Plaintiffs have never sued. As a result, there can be no real contention that the frozen FARC assets at issue, which have never been traced to Chiquita, were "wrongfully taken" from the Doe Plaintiffs by the Pescatores and Stansells. *See id.* at 1029.

As a result, we need not address the Doe Plaintiffs' arguments about jurisdictional defects and claim preclusion in the cases brought by the Pescatores and Stansells. Nor must we address the district court's scheduling order, the application of the Crime Victim Rights Act, or any of the Doe Plaintiffs' additional arguments on appeal. In any event, it remains the case that the Doe Plaintiffs have failed to establish the elements necessary for imposing a constructive trust. Therefore, we affirm the district court.

**AFFIRM.**